Filed
RECVD 07 FEB '13 10:18 USDC-ORE

Diana Raybould
P.O. Box 241
Florence, OR 97431
(541) 997-1311

# United States District Court

## District of Oregon

### Eugene Division

| | |
|---|---|
| Diana Raybould,<br><br>      Plaintiff,<br><br>vs.<br><br>JPMorgan Chase Bank, N. A.;<br><br>      Defendant. | Case No.: 6:12-cv-01198-PA |

PLAINTIFF'S VERIFIED OBJECTION TO [12] DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS

I, Plaintiff, hereby state:

Plaintiff opposes [12] DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS ("Motion"). The Motion states that "the new dates will not affect the overall scheduling of the case." However, the new dates **will** affect the overall scheduling of discovery. Plaintiff informed Defendant she would oppose any request for extension, absent Defendants agreement to not oppose a Motion for Enlargement of Discovery Time; however, Defendant filed the extension before receiving Plaintiff's response to his attempt to confer.

OBJECTION TO [12] MOTION

1

Defendant's Motion should be denied for failure to adequately confer with opposing party as per L.R. 7.1

Discovery has already been delayed by 60 days, due to the Court not serving a copy of the Discovery Plan/Order [8] to either party. Defendant failed to serve their Initial Disclosures until 60 days after that order...rather than the 14 days stated in the Report [7].

LR 16-3 "Motions to Change or Extend Court Imposed Deadlines" states, under part (a) Motions:

Except as provided by LR 16-2(b), objections to any court-imposed deadline must be raised by motion and must:

> (1) Show good cause why the deadlines should be modified.
> (2) Show effective prior use of time.
> (3) Recommend a new date for the deadline in question.
> (4) Show the impact of the proposed extension upon other existing
> deadlines, settings, or schedules.

Defendant has not show good cause. Excuses from jury duty are routinely granted, upon request, due to work load of the potential juror

According to [7] JOINT RULE 26(f) REPORT, dated October 17, 2012:

> Pre-discovery Disclosures. The parties agree that the disclosures required by Fed. R. Civ. P. 26(a)(1) will be exchanged fourteen (14) days after the Court acts on this report.

The Court acted on the [7] Report by issuing [8] Scheduling Order, Filed & Entered: 10/19/2012:

> Scheduling Docket Text: Scheduling Order by U.S. District Judge Michael R. Hogan. Discovery is to be completed by 5/1/2013. Dispositive Motions are due by 6/3/2013. Joint Alternate Dispute Resolution Report is due by 2/1/2013. Pretrial Order due 30 days after the court's ruling on dispositive motions. Ordered by U.S. District Judge Michael R. Hogan. (sln)

Therefore, initial disclosures were due fourteen days after 10/19/2012, on November 2, 2012.

Only after numerous requests by Plaintiff, did Defendant provided its Initial Disclosures on December 26, 2012, **nearly sixty days late**.

Plaintiff had been attempting to timely prepare and serve meaningful discovery materials, but was delayed by Defendant's failure to provide its Initial Disclosures. Therefore, Plaintiff's discovery period has already been delayed by nearly sixty days. Defendant's initial disclosures were sorely inadequate (see attached Exhibit A, Defendant's 12/26/2012 Initial Disclosures). Plaintiff served discovery request to get the ball rolling, with the anticipation that these request would need to be Supplemented by a Second, or even Third round of request.

Defendant now requests further delay, which (assuming the end of discovery period us unaltered) will further impact Plaintiff's discovery. After Defendant responds, Plaintiff will need to prepare more discovery requests based on Defendant's response. If Plaintiff's final discovery deadline is still May 1, 2013, then Plaintiff will lose another three weeks on top of the sixty days already lost. However, Plaintiff does not object to Granting the Defendants Motion, provided the discovery deadline is adjusted from May 1, 2013, without necessitating a Motion to the Court, to August 1, 2013.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. 1746.

DATED: 2/ 6 /2013                By: _____
                                 Diana Raybould, Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I mailed a copy of the foregoing to the Defendant as follows, via U.S. first class mail, postage prepaid:

JPMORGAN CHASE BANK, N.A
c/o Bruce C. Hamlin
c/o Michael J. Farrell
MARTIN, BISCHOFF, TEMPLETON, LANGSLET & HOFFMAN LLP
888 SW Fifth Avenue, Suite 900
Portland, OR  97204

DATED: 2/ 6/2013                    By: _____
                                         Diane Raybould, Plaintiff

OBJECTION TO [12] MOTION

4

Bruce C. Hamlin, OSB #792542
E-mail: bhamlin@martinbischoff.com
MARTIN BISCHOFF TEMPLETON
  LANGSLET & HOFFMAN LLP
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone: 503-224-3113
Facsimile: 503-224-9471

Attorneys for Defendant JPMORGAN
CHASE BANK, N.A.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DIANE RAYBOULD,<br><br>    Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A.,<br><br>    Defendant. | Case No 6:12-cv-01198-TC<br><br>**DEFENDANT'S RULE 26(a) INITIAL DISCLOSURES** |

### L.R. 7.1 CERTIFICATION

Plaintiff Diane Raybould and Defendant's counsel have conferred. Plaintiff did not consent to Defendant's request to waive the Rule 26 initial disclosures, and Defendant Chase Bank USA, N.A. ("Chase") therefore submits the following Rule 26 initial disclosures.

### RULE 26(A)(1) DISCLOSURES

Pursuant to Fed. R. of Civ. P. 26(a)(1), Defendant Chase hereby provides the following initial disclosures.

Page 1- DEFENDANT'S RULE 26(a) INITIAL DISCLOSURES

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113
Fax (503) 224-9471

A.  *Names addresses and telephone numbers of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.*

At this time, and based on all information reasonably available to it, Chase is not yet able to identify all the witnesses with discoverable information that Chase may use to support its claims or defenses, since Plaintiff claims only very generally that Defendant is (1) "not the owner or holder of any Note[,]" (2) "that Defendant has no secured interest in Plaintiff's property[,]" (3) that "Plaintiff has no legal relationship with Defendant[,]" (4) that it is not a holder in due course, (5) that Chase, which is not a "debt collector" in this instance committed unidentified violations of the Fair Debt Collection Practices Act, and (6) that Chase committed unidentified violations of the federal RICO Act. Chase may rely on a corporate representative to support its claims or defenses.

In addition, Chase may rely on as yet unknown claims representatives, customer service representatives, and account managers. Chase will reveal the identity of such potential witnesses to Plaintiff as they become known.

Chase will supplement its witness list as discovery progresses and in accordance with the Court's schedule for disclosure of witnesses and experts.

B.  *A copy of or a description by category and location of all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.*

At this time, based on the information to it, Defendant discloses that it will rely on the following types of documents: phone records, billing records, account statements,

Page 2-   DEFENDANT'S RULE 26(a) INITIAL DISCLOSURES

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
1188 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113
Fax (503) 224-9471

correspondence to and from Plaintiff, internal correspondence, and notes. These documents are in the possession of Defendant. Defendant is currently reviewing these documents for privilege and will make them available for photocopying in the near future.

Defendant will produce specific information requested by Plaintiffs subject to a protective order as agreed by the parties.

C. *A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.*

Defendant does not make a claim for damages other than any fees and costs awarded if Defendant is the prevailing party.

D. *Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in an action or to indemnify or reimburse for payments made to satisfy the judgment.*

No insurance agreement applies to this case.

DATED: December 26, 2012.

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP

By: _____
Bruce C. Hamlin, OSB #792542
E-mail: bhamlin@martinbischoff.com
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone: 503-224-3113
Facsimile: 503-224-9471

Attorneys for Defendant

Page 3- DEFENDANT'S RULE 26(a) INITIAL DISCLOSURES

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113
Fax (503) 224-9471

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I served the foregoing **DEFENDANT'S RULE 26(a) INITIAL DISCLOSURES** on the following:

>   Diane Raybould
>   P.O. Box 241
>   Florence, OR 97431
>
>       Plaintiff Pro Se

**X**   by **mailing** a copy thereof in a sealed, first-class postage prepaid envelope, addressed to each attorney's last known address and deposited in the U.S. Mail at Portland, Oregon, on the date set forth below;

____   by causing a copy to be **hand delivered** to said attorneys at each attorney's last known office address on the date set forth below;

____   by **faxing** a copy thereof to each attorney at his last known facsimile number on the date set forth below;

____   by **e-mailing** a copy thereof, addressed to each attorney's last known e-mail address, on the date set forth below; or,

____   by sending a copy thereof via **overnight delivery** in a sealed, prepaid envelope, addressed to each attorney's last known address on the date set forth below.

DATED this 26th day of December, 2012.

>                               MARTIN, BISCHOFF, TEMPLETON,
>                               LANGSLET & HOFFMAN LLP
>
>                               By: _/s/ Bruce C. Hamlin_____
>                                   Bruce C. Hamlin, OSB #792542
>                                   Of Attorneys for Defendant

Page 1 - CERTIFICATE OF SERVICE

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113
Fax (503) 224-9471