IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION


DIANE RAYBOULD,

                Plaintiff,                6:12-cv-1198-PA

                                              **ORDER**

    v.

JP MORGAN CHASE BANK, N.A.,

                Defendants.

---

**PANNER, J.**

    This matter comes before the court on Defendant's motion for
summary judgment (#35).  For the reasons discussed below, I find
that the claims in Plaintiff's complaint are moot.  Summary
judgment is therefore not appropriate.  Plaintiff's complaint is

1  - ORDER

DISMISSED without prejudice.  Defendant's motion for summary

judgment is DENIED as moot.

## Background

Plaintiff Diane Raybould, together with her husband Dennis

Raybould, took out a loan from Chase Bank.  Dennis Raybould is

not a party to this action.  The Rayboulds together executed a

Note and Deed of Trust securing the loan.  At some point, the

Rayboulds are alleged to have defaulted on the Note.  The Note·

and Deed of Trust were thereafter assigned to Defendant and a

successor trustee was appointed.  A Notice of Default and

Election to Sell was issued setting the date of the foreclosure

sale as June 22, 2012.  On June 20, 2012, Plaintiff filed this

action in the Lane County Circuit Court.  Defendants cancelled

the sale and the Notice of Default has since expired.  No new

Notice of Default has been issued and no sale is currently

scheduled.

## Legal Standard

Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court

determines at any time that it lacks subject-matter jurisdiction,

the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3);

see also Cal. Diversified Promotions, Inc. V. Musick, 505 F.2d

278, 280 (9th Cir. 1974)("It has long been held that a judge can

dismiss sua sponte for lack of jurisdiction,").  A case is

properly dismissed for lack of subject matter jurisdiction when

2  - ORDER

the court lacks the statutory or constitutional power to adjudicate the case. See, e.g., Aquirre v. S.S. Sohio Intrepid, 801 F.2d 1185, 1189-91 (9th Cir. 1986). The Article III case-or-controversy doctrines of standing, ripeness, and mootness lie squarely within these concerns. Allen v. Wright, 468 U.S. 737, 750 (1984).

### Discussion

For the reasons discussed below, this case is subject to dismissal as moot. Dismissal is further justified by Plaintiff's failure to join an indispensable party.

### I. Mootness

Plaintiff brings claims for injunctive relief, declaratory relief, violations of the Fair Debt Collection Practice Act (FDCPA), and the Racketeer Influenced and Corrupt Organizations Act (RICO). All of the claims are related Defendant's 2012 attempt to foreclose on the disputed property.

A case is considered moot if it has "lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions or abstract propositions of law." Lindquist v. Idaho State Bd. Of Corrections, 776 F.2d 851, 853-54 (9 th Cir. 1985)(quotations omitted). Courts cannot take jurisdiction over a claim as to which no effective relief can be granted. Aquirre, 801 F.2d at 1189. There is no justiciable controversy when the question sought to be adjudicated has been

3  - ORDER

mooted by developments subsequent to the filing of the complaint. Flast v. Cohen, 392 U.S. 83, 95 (1968).

Under Oregon law, a nonjudicial foreclosure sale may be postponed for no more than 180 days from the original sale date. ORS 86.755(2). After 180 days have passed, the postponed non-judicial foreclosure cannot proceed. Magno v. U.S. Bank, NA, No. 11-332, 2013 WL 1636074 at *3 (D. Or. Apr. 16, 2013).

Federal courts in Oregon have held that the cancellation of a planned foreclosure sale moots claims related to that sale. See Magno, 2013 WL 1636074 at *3; Kichatov v. Nationstar Mortg., Inc., No. 13-103, 2013 WL 3025981 at *4 (D. Or. June 14, 2013); Vettrus v. Bank of America, N.A., No. 12-074, 2012 WL 5462914 at *4 (D. Or. Nov. 6, 2012).

In this case, Defendant cancelled the scheduled foreclosure sale. More than 180 days have elapsed since the originally scheduled foreclosure date. The Notice of Default has expired. Plaintiff argues that she is facing the possibility of a future foreclosure, but without a pending foreclosure any decision rendered by this court would be advisory.

As all of Plaintiff's claims relate to the now-cancelled foreclosure, I conclude that Plaintiff's complaint is moot. The complaint is DISMISSED without prejudice.

## II. Failure to Join an Indispensable Party

Plaintiff's complaint is further subject to dismissal

4  - ORDER

because of Plaintiff's failure to join Dennis Raybould.  Fed. R. Civ. P. 19(a)(1)(B) requires joinder of a person who "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest."  Mr. Raybould is a signatory to both the Note and Deed of Trust and shares an ownership interest in the property with Plaintiff.  Mr. Raybould's interest in the property may be impaired by his absence.  See Max v. Seterus Inc., No. 12-196 2013 WL 708876 (E.D. Cal. Feb. 26, 2013).

Even if Plaintiff's claims were not rendered moot, Mr. Raybould would still be a necessary party to this action. Plaintiff's failure to join Mr. Raybould as a party further justifies dismissal of this case.

## Conclusion

Plaintiff's complaint is DISMISSED without prejudice. Defendant's motion for summary judgment is DENIED as moot.

IT IS SO ORDERED.

DATED this __6__ day of September, 2013.

OWEN M. PANNER
U.S. DISTRICT JUDGE

5  - ORDER